# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC | § | |
| | § | |
| v. | § | Case No. 2:12-CV-562-JRG-RSP |
| | § | |
| WEGMANS FOOD MARKETS, INC. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Wegmans Food Markets, Inc. Motion to Dismiss for Lack of Personal Jurisdiction and Alternative Motion to Sever and Transfer (Dkt. No. 3, filed August 31, 2012). Wegmans argues that venue in this district is improper, and that the Southern District of New York is clearly more convenient, even though Wegmans is principally located in the Western District of New York. Plaintiff DietGoal Innovations LLC opposes transfer. After considering all of the record evidence and weighing the various factors, the Court finds that the Eastern District of Virginia is a clearly more convenient venue that has superior connections to this case as compared to either venue proposed by the parties.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In*

*re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

# DISCUSSION

## A. Proper Venues

The parties do not dispute that this case could have been brought in the Southern District of New York. Wegmans, as discussed below, is based in Rochester, New York, which is located in the Western District of New York. Wegmans can also be found in the Eastern District of Virginia, where it operates supermarkets. Thus, the Southern and Western Districts of New York, and the Eastern District of Virginia are proper venues under the venue statute applicable to actions for patent infringement.

The parties dispute whether the Eastern District of Texas has personal jurisdiction over Wegmans, which is necessary for the Eastern District of Texas to be a proper venue. The Court does not reach this issue because even, if venue is proper in this Court, the clear convenience of other venues mandates transfer. To the extent that venue is improper in this Court, the Court finds that it is in the interest of justice to transfer this case to a proper venue. *See* 28 U.S.C. § 1406(a).

## B. Private Interest Factors

### 1. Cost of Attendance for Willing Witnesses

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990); *see also* Wright & Miller, *Federal Practice and Procedure* § 3851. "A district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 at 1343. However, there is no requirement that the movant

identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Id.* at 1343-44.

Wegmans does not identify by name any of its own potential witnesses. In support of its motion, Wegmans has submitted a declaration by Stephen Van Arsdale, Wegmans' vice president and assistant general counsel. (Van Arsdale Decl., Dkt. No. 3-1.) The declaration states that the employees responsible for the accused website are located in Rochester, New York. (Van Arsdale Decl. at 3, Dkt. No. 3-1.) Form Connect, the design studio hired to build the accused website, is also based in Rochester, New York. (*Id.*) Rochester is located in the Western District of New York.

Timothy Salmon and Daniel Mitry, the managing members of DietGoal, reside in New York, New York. New York City is located in the Southern District of New York.

Dr. Oliver Alabaster, the inventor of the asserted patent, is a third party witness who resides in Alexandria, Virginia. (Mot. at 11, Dkt. No. 3.) Dr. Alabaster is also the founder and chief executive officer of DietFit, Inc., the third party entity that practices the asserted patent. DietFit is located in Alexandria, Virginia. (Carraway Decl., Case No. 2:12-cv-327, Dkt. No. 20-5.) Alexandria is located in the Eastern District of Virginia.

Steven Kelber, the attorney that prosecuted the asserted patent, has an office in Bethesda, Maryland. (Lin Decl., Case No. 2:11-cv-418, Dkt. No. 202-3.) Bethesda is in the District of Maryland. However, Mr. Kelber is within the subpoena power of the Eastern District of Virginia.

The Court observes that Wegmans has failed to identify any of its relevant employees or the relevant employees of Form Connect with any specificity. This makes it more difficult for the Court to evaluate the relative convenience of potential venues for Wegmans' witnesses.

Moreover, there is no explanation in the record for Wegmans' contention that the Southern District of New York is more convenient for its own witnesses, who by all indications are located in the Western District of New York. Thus, the Court assigns less weight to the convenience of Wegmans' unspecified witnesses. Similarly, there is no indication of how the testimony of DietGoal's managing members will be relevant or material to any issue in this case. Accordingly, the Court assigns less weight to their convenience. Dr. Alabaster and Mr. Kelber are third party witnesses who the briefing demonstrates are likely to have relevant and material testimony. Thus, the Court accords greater weight to their convenience.

After considering all the evidence relevant to the convenience factor, the Court finds that the convenience of the witnesses weighs strongly in favor of transferring this case to the Eastern District of Virginia. The Eastern District of Virginia is more convenient for the parties' witnesses than this Court, and it is the most convenient forum for the identified third party witnesses.

    2.  **Relative Ease of Access to Sources of Proof**

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

Wegmans is headquartered in Rochester, New York, where it is incorporated. (Van Arsdale Decl. 2, Dkt. No. 3-1.) Wegmans "has supermarkets in Massachusetts (one store), Maryland (four stores), New Jersey (seven stores), Pennsylvania (fourteen stores), and Virginia (six stores)." (*Id.*) "All paper and electronic documentation regarding the design and development of Wegmans' [accused] website is all located in Rochester, New York." (*Id.*)

DietGoal's place of business is in Austin, Texas. However, DietGoal does not point out any particular sources of proof and instead argues that "[a]lthough access to the source of proof must be considered, the reality of this case is that the accused infringing product is a website and most if not all relevant documents will be in electronic form that can be transferred with ease." (Resp. at 22, Dkt. No. 5.)

Given that the parties do not describe the type or quantity of evidence at any location, the Court finds that this factor should be given less weight. Nonetheless, this factor weighs in favor of transferring this case to the Western District of New York.

### 3. Availability of Compulsory Process to Secure the Attendance of Witnesses

Timothy Salmon and Daniel Mitry, DietGoal's managing members, are the only witnesses that Wegmans specifically identify that are within the subpoena power of the Southern District of New York. (Mot. at 10, Dkt. No. 3.) Wegmans makes no mention of what relevant and material testimony that Mr. Salmon or Mr. Mitry may offer. Moreover, Wegmans contends that DietGoal has no actual business operations, and was merely formed by Mr. Salmon and Mr. Mitry to establish venue in this district for litigation. (Mot. at 11-12, Dkt. No. 3.) Aside from the merits of the present motion, the facts surrounding the formation of DietGoal itself is unlikely to be material to the case on the merits.

Dr. Alabaster and Mr. Kelber are witnesses within the subpoena power of the Eastern District of Virginia. As discussed above, they are the only specifically identified third party witnesses who are likely to have relevant and material testimony to offer on the merits of this case. Neither party has identified any witnesses that are within the subpoena power of the Eastern District of Texas. The Court finds that this factor weighs in favor of transferring this case to Eastern District of Virginia.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

Wegmans argues that the location of all parties on the East Coast weighs in favor of transfer. However, this fact has already been considered in the context of the convenience and subpoena power factors. Wegmans next argues that DietGoal's presence in Texas should be discounted because DietGoal has no actual operations in Texas. The Court finds that this factor is neutral.

### C. Public Interest Factors

#### 1. Local Interest in Having Localized Interests Decided at Home

Wegmans argues that the "[c]itizens of New York have a greater local interest in this case than Texas" because "Wegman has its principal place of business in New York and forty-seven stores in that state, and the individuals involved in the design and development of Wegmans' Meal Builder webpage, and in content and business decisions regarding Wegmans' website, are all located in New York." (Mot. at 12, Dkt. No. 3.) The Court observes that all of the witnesses and business operations identified by Wegmans are actually located in the Western District of New York, and not its proposed venue in the Southern District of New York. Thus, this evidence suggests a localized interest in the Western District of New York, and not in Wegmans' proposed venue.

DietGoal argues that the Eastern District of Texas has a localized interest because of the acts of infringement directed to residents of the district by Wegmans' accused website. (Resp. at 23, Dkt. No. 5.) The Court finds that this argument is not compelling. Finally, the Court observes that the Eastern District of Virginia has a strong localized interest in this case because it is the situs of the inventive activity, and the entity formed to commercialize and practice the

invention (DietFit) is presently located in the district. The Court finds that this factor weighs in favor of transfer to either the Western District of New York or the Eastern District of Virginia.

>    2.   **Familiarity of the Forum With the Law that Will Govern the Case, Administrative Difficulties Flowing From Court Congestion, and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

The Court finds that the remaining public interest factors are neutral. The relative congestion of court dockets is one of the most speculative forms of evidence, and the Court finds that relevant statistics from the Administrative Office of the U.S. Courts do not suggest that this case will be unduly delayed in any of the potential forums. Because this is a patent case arising under federal law, all of the proposed forums are equally familiar with the law that will govern. Moreover, neither party has identified any foreign law or conflicts of law issues that may arise in this case.

## CONCLUSION

After considering all of the relevant evidence and factors, the Court finds that Eastern District of Virginia is a clearly more convenient venue. Accordingly, it is **ORDERED** that this case be transferred to the Eastern District of Virginia.

**SIGNED this 27th day of February, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE